IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

April 18, 2024 12:34 PM
SCT-Civ-2024-0012
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **IN THE MATTER OF THE PETITION FOR THE INTERIM SUSPENSION OF:**<br><br>**SEALED RESPONDENT**<br><br>**FROM THE VIRGIN ISLANDS BAR.** | **S. Ct. Civ. No. 2024-0012** |

## NOTICE OF ENTRY OF FINAL JUDGMENT/ORDER

TO:   **Justices of the Supreme Court**
**Judges and Magistrate Judges of the Superior Court**
**Sealed Respondent**
**Kathryn Anne Donnelly, Esq., Special Designated Disciplinary Counsel**
**Tanisha Bailey-Roka, Esq., Chief Disciplinary Counsel**
**Veronica J. Handy, Esq., Clerk of the Supreme Court**
**Supreme Court Law Clerks**
**Supreme Court Secretaries**
**Order Book**

Please take notice that on **April 18, 2024** a(n) **ORDER** dated **April 18, 2024**, was entered by the Clerk in the above-entitled matter.

Dated: **April 18, 2024**

**VERONICA J. HANDY, ESQ.**
Clerk of the Court

By: _____
  **Deputy Clerk II**

IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

FILED
April 18, 2024 12:32 PM
SCT-Civ-2024-0012
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication.**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| IN THE MATTER OF THE PETITION FOR THE INTERIM SUSPENSION OF: | )  S. Ct. Civ. No. 2024-0012 ) ) |
| SEALED RESPONDENT | ) ) |
| FROM THE VIRGIN ISLANDS BAR. | ) ) ) |

On Petition for Interim Suspension

Considered and Filed: April 18, 2024

Cite as 2024 VI 19

**BEFORE:**    **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

## ORDER OF THE COURT

**PER CURIAM.**

¶ 1    **THIS MATTER** is before the Court pursuant to a motion, filed by the respondent attorney, seeking the disqualification of Kathryn Anne Donnelly, Esq., Special Designated Disciplinary Counsel, from representing the Office of Disciplinary Counsel ("ODC") in this interim suspension proceeding.[1] According to the respondent, Attorney Donnelly cannot continue to represent the

---

[1] Pursuant to Supreme Court Rule 207.16(a), the ODC may seek the immediate interim suspension of an attorney from the practice of law in the Virgin Islands upon sufficient evidence that the attorney

> (i) has been charged with or convicted of a felony,
> (ii) has been charged with or convicted of other criminal conduct which demonstrates that the lawyer poses a significant threat of substantial harm to the public or to the orderly administration of justice, or
> (iii) has otherwise engaged in professional misconduct which demonstrates that the lawyer poses a significant threat of substantial harm to the public or to the orderly administration of justice.

ODC in this matter because she serves as Special Designated Disciplinary Counsel on a part-time basis while engaged in the part-time private practice of law in New York, which the respondent asserts constitutes a violation of the prohibition on the private of practice of law by judicial officers and court employees codified in title 4, section 288(a) of the Virgin Islands Code.

¶ 2      Attorney Donnelly filed an opposition to the motion on March 21, 2024, acknowledging her ongoing part-time private practice, but failed to specifically respond to the respondent's claim that it is prohibited by section 288(a). However, Attorney Donnelly stated in that filing that she "is clearly not an 'employee' of the Virgin Islands Judiciary." This Court, in a March 24, 2024 order, took judicial notice that Attorney Donnelly's representation that she is not an "employee" of the Virgin Islands Judiciary appeared to contradict sworn representations in her application for special admission to the Virgin Islands Bar in which she swore, under oath, that "I am employed or about to be employed as an attorney by: Supreme Court of the Virgin Islands;" "I am employed or about to be employed as an attorney by Office of Disciplinary Counsel;" and "I acknowledge and understand that an admission issued pursuant to this rule shall state its special nature and it shall terminate automatically when the person ceases to be employed by the petitioning agency or instrumentality of the Government of the Virgin Islands." This Court, therefore, directed Attorney Donnelly to file a response that addresses the seeming inconsistency between the representation in her opposition and the sworn representations made in her application for special admission, and to respond to the respondent's claim that her maintenance of a private practice in New York violates title 4, section 288 of the Virgin Islands Court.

---

The ODC has since moved to withdraw its petition for interim suspension, which this Court granted. As such, because "[t]he ODC's filing of a petition for interim suspension, and all subsequent proceedings, shall be confidential unless otherwise ordered by the Court," V.I.S.Ct.R. 207.16(a), we do not identify the respondent attorney by name.

¶ 3     Attorney Donnelly filed a response with this Court on April 4, 2024. In that response, Attorney Donnelly again states that "the Undersigned is an *independent contractor*, not an *employee*," that she works on a "per diem or contract basis," and otherwise repeatedly emphasizes that because she is not an "employee" the prohibition on the private practice of law by certain court employees codified in section 288 does not apply to her.[2] With respect to the seemingly contrary representations made in her special admission application, Attorney Donnelly states that "[t]he Undersigned was suitable for Special Admission status because she was *about to be employed* as an attorney by the Judiciary Branch of the Government of the Virgin Islands. The rule does not require the applicant to be employed as an employee, only employed."

¶ 4     The respondent's claim that Attorney Donnelly cannot lawfully serve as Special Designated Disciplinary Counsel in either this or any other matter because she represents the ODC on a part-time basis is entirely without merit. Supreme Court Rule 203, which establishes the ODC, expressly provides that

> The Court may, as necessary or appropriate, appoint on a part-time basis one or more special disciplinary counsel for specific matters which cannot, for whatever reason, be handled by the Chief Disciplinary Counsel or Deputy Disciplinary Counsel. An attorney acting as special disciplinary counsel shall have the powers and duties as described in subsection (e) below and shall be subject to the supervision of the Court.

V.I.S.Ct.R. 203(c)(4).

---

[2] Attorney Donnelly also requests that this Court strike the respondent's reply to her opposition to the motion to disqualification on grounds that his pleading "contains an insufficient defense or contains redundant, immaterial, impertinent, or scandalous matter," apparently because the respondent "fails to allege how the Undersigned's employment status meets the heavy burden necessary to disqualify an attorney from a proceeding." While we ultimately reject the respondent's claim that Attorney Donnelly's private practice constitutes a violation of section 288, we do not believe that the respondent's argument is frivolous or otherwise so lacking in merit as to warrant striking it from the sealed record.

¶ 5     To the extent the respondent maintains that Attorney Donnelly cannot engage in the private practice of law while serving as a part-time Special Designated Disciplinary Counsel under Rule 203, the contention similarly lacks merit. Title 4, section 288 provides that "No justice, judge, clerk of court, deputy, assistant or other officer or <u>employee of a court </u>shall practice law during his continuance in office or be in partnership with a practicing attorney." 4 V.I.C. § 288(a).  We strongly question whether this statute, which is among the original provisions of the Virgin Islands Code drawn from the 1921 Codes, still remains valid, in that it bears characteristics similar to other statutes we found implicitly repealed by the Legislature when it later created this Court and vested it with the "supreme judicial power of the Territory," 4 V.I.C. § 21, including "exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted to the practice of law," 4 V.I.C. § 32(e), and to "adopt rules governing . . . admission to and governance of the bar of the Virgin Islands," 4 V.I.C. § 32(f)(3).

¶ 6     But even assuming—without deciding—that section 288(a) was not implicitly repealed, it is nevertheless inapplicable to this case because Attorney Donnelly has sufficiently established that she is not an "employee of a court." Attorney Donnelly has provided this Court with overwhelming evidence that she is not an employee, but an independent contractor.  But even if we were to disregard that evidence, section 288(a) does not prohibit the private practice of law by an employee of the Judicial Branch; it prohibits the private practice of law by an "employee of <u>a court</u>." While the Judicial Branch consists of two courts—the Superior Court and the Supreme Court—it does not consist of *only* two courts; most notably, it also consists of a Judicial Branch Administrative Office, consisting of staff who provide services to the Judicial Branch and not to an individual court. *Compare* 4 V.I.C. § 2 (identifying the Supreme Court and the Superior Court as the "courts of local jurisdiction" of the Virgin Islands), *with* 4 V.I.C. § 4 (authorizing creation

of a Judicial Branch Administrative Office).  Had the Legislature intended for this provision to apply to all those who provide any services for the Judicial Branch, and not just to those employed by one of its constituent courts, it certainly could have done so, as demonstrated by its use of broader language in other parts of title 4.  *See, e.g.,* 4 V.I.C. § 88(a) (providing for "study leave to personnel of the judicial branch").

¶ 7     For these reasons, we conclude that the respondent provides no valid basis to disqualify Attorney Donnelly as counsel for the ODC in this matter pursuant to section 288(a).[3] Accordingly, it is hereby

**ORDERED** that the motion to disqualify Kathryn Anne Donnelly, Esq. as counsel for the Office of Disciplinary Counsel pursuant to title 4, section 288 of the Virgin Islands Code is **DENIED.** It is further

**ORDERED** that the instant case is **HEREBY CLOSED** due to the withdrawal of the petition for interim suspension and the resolution of all other substantive motions.  It is further

**ORDERED** that copies of this Order be served on the appropriate parties.

**SO ORDERED** this 18th day of April, 2024.

**ATTEST:**
**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** _____ /s/ Reisha Corneiro _____
        **Deputy Clerk**

**Dated**: _____ April 18, 2024 _____

---

[3] As this Court noted in its March 24, 2024 order, Attorney Donnelly's repeated and unequivocal representation that she is not an employee seemingly contradicts sworn statements she made in support of her special admissions application.  Because the respondent has not sought to disqualify Attorney Donnelly on that basis, and would not have standing to do so as a non-party to her bar admissions case, we do not address, as part of this attorney discipline proceeding, whether Attorney Donnelly qualifies—or ever qualified—for special admission pursuant to Rule 202.  This Court, however, will address the Special Admission matter in that bar admissions case.

**Copies to:**
Justices of the Supreme Court
Judges and Magistrate Judges of the Superior Court
Sealed Respondent
Kathryn Anne Donnelly, Esq., Special Designated Disciplinary Counsel
Tanisha Bailey-Roka, Esq., Chief Disciplinary Counsel
Veronica J. Handy, Esq., Clerk of the Supreme Court
Supreme Court Law Clerks
Supreme Court Secretaries
Order Book